1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KAREN TRAVENIA,

11          Plaintiff,                          No. CIV S-06-2498 MCE GGH PS

12          vs.

13   WOODLAND CITY, et al.,                                ORDER

14          Defendants.

15   _____/

16          On September 24, 2007, in response to plaintiff's motion to compel discovery

17   responses filed September 12, 2007, this court ordered defendant to show cause why sanctions

18   should not be imposed for failure to participate in the discovery process, and set the matter for

19   hearing on October 11, 2007.[1]   Defendant timely responded in writing on October 5, 2007, that it

20   had not been served with the subject discovery requests, and informed the court that the

21   discovery was propounded only upon defendants named in plaintiff's amended complaint[2] but

22   _____

23          [1] Plaintiff noticed her motion for hearing on October 4, 2007.  However, as the court did
     not have calendar that day, the clerk instructed plaintiff to renotice the matter.  Plaintiff did not
24   respond, presumably because the discovery deadline in this case was October 5, 2007, and all
     discovery matters were to be heard by September 20, 2007.  Accordingly, the court issued an
25   order to show cause and set the matter for hearing.

26          [2] Plaintiff was granted leave to file an amended complaint in this court's scheduling
     order filed April 12, 2007 (at p. 2).

1

1 upon whom service of process had not been made.[3]

2      The parties appeared before the court on October 11, 2007.  Plaintiff represented

3 herself in pro se; defendant City of Woodland was represented by counsel J. Scott Smith.

4      As explained by the court at the hearing, there is no basis upon which to order any

5 defendant to respond to plaintiff's discovery requests.  The only defendant served with the

6 amended complaint, the City of Woodland, was not served with the subject interrogatories.  The

7 remaining "defendants," though served with the interrogatories, were never served with the

8 amended complaint (nor the original complaint).  See generally, Fed. R. Civ. P. 4.  Hence, these

9 individuals are not "parties" subject to the federal discovery rules.  See, e.g., Fed. R. Civ. P.

10 37(d) (failure of party to serve answers to interrogatories).

11      Accordingly, IT IS HEREBY ORDERED that:

12      1. The order to show cause issued September 24, 2007, is discharged, and

13      2. Plaintiff's motion to compel discovery responses, filed September 12, 2007, is

14 denied.

15      The parties are reminded that dispositive motions, if any, are to be heard by the

16 court no later than December 6, 2007; pretrial conference is scheduled for February 8, 2008, and

17 a jury trial is set for March 31, 2008.  Pursuant to plaintiff's representation at the hearing that the

18 parties are discussing settlement and/or plaintiff's withdrawal of the instant action, both parties

19 are encouraged to resolve these matters as soon as practicable and so inform the court.

20      IT IS SO ORDERED.

21 DATED: 10/16/07                    /s/ Gregory G. Hollows

22                                   GREGORY G. HOLLOWS
                                     U. S. MAGISTRATE JUDGE

23 GGH5:Trav2498.disch.osc.II

24 _____

25   [3] Plaintiff did not include a copy of her discovery requests with her September 12, 2007
motion – these were provided by defendant.  The "new" defendants named in, but not served
26 with, the amended complaint are Barry Munowitch, Michael Graham, Jimmy Stillman, Linda
Schaupp, Paul Hanson, and Amy Cooper.