IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN TRAVENIA,

      Plaintiff,                                    No. CIV S-06-2498 MCE GGH PS

      vs.

WOODLAND CITY, et al.,              <u>FINDINGS AND RECOMMENDATIONS</u>

      Defendants.

_____/

        Previously pending on this court's law and motion calendar for December 6, 2007, was defendant City of Woodland's motion for summary judgment. Defendant's counsel, J. Scott Smith, appeared at the hearing; plaintiff, who proceeds in pro se, did not appear. For the following reasons, this court recommends this action be dismissed due to plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b).

<u>BACKGROUND</u>

        Plaintiff filed this action on November 9, 2006, alleging racial discrimination by the City of Woodland and other city-affiliated defendants in responding to plaintiff's efforts to alter the zoning of her property and authorize building modifications thereon. Plaintiff's claims were made pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000d et seq., and the Fourteenth Amendment to the U.S. Constitution. Plaintiff purchased the property, a Victorian residence, in

2005 with the goal of converting it to a small private middle school; she obtained a permit to, inter alia, raise the dwelling and repair the foundation, but ran into opposition by city staff when she sought to reconfigure the foundation without proceeding through the routine application process. The factual details and disputed issues of this case are set forth in detail in this court's prior orders.

Plaintiff's initial filing sought a "Petition for Alternative Writ of Mandate, Prohibition, or Other Appropriate Relief" pursuant to state law, and "Order to Show Cause for Expedited, Emergency Hearing." The requests were denied by this court for lack of jurisdiction and failure of service upon defendants; plaintiff was granted leave to file and serve a proper complaint and motion for preliminary injunctive relief pursuant to Fed. R. Civ. P. 65.

The court heard plaintiff's motion for preliminary injunction on January 11, 2007, and thereafter issued findings and a recommendation that the motion be denied on the ground that plaintiff had failed to identify any conduct by any named defendant that reasonably could be characterized as discriminatory. These findings and recommendations were adopted by the district judge on March 8, 2007.

Meanwhile this court directed the parties to prepare and file a joint status report. On the date the report was due, plaintiff filed a declaration stating that defendant's counsel had assumed responsibility for informing the court the report would be delayed and that the parties had agreed they would work on the report "next week." The court issued an order to show cause informing both parties that its January 30, 2007 order "was not discretionary" and directing both parties to "show cause, separately and in writing . . .why sanctions should not be imposed for their respective failure to obey this court's order." Only plaintiff responded; the court discharged the order to show cause and issued a scheduling order without defendant's input.

An Amended Complaint and Amended Answer were filed in May and June 2007, respectively. The Amended Answer was filed by defendant only in response to another order order to show cause issued by this court, on June 15, 2007, directing defendant to demonstrate

"why entry of default should not be made." The court sanctioned defendant by precluding it from filing any motion to dismiss prior to answering. Defendant timely responded, explaining that its failure timely to file an amended answer was an oversight due to the remodeling of counsel's office or overzealous purging of emails; however, defendant noted that the City had actively been working with plaintiff to assist in the pursuit of her project, and that defense counsel had prepared a Stipulated Request for Dismissal of this action at the request of the attorney representing plaintiff in the permit process.[1] The court discharged the order to show cause on July 3, 2007.

On September 12, 2007, plaintiff filed a motion to compel discovery. On September 24, 2007, the court set the matter for hearing and directed defendant to show cause why sanctions should not be imposed for its failure to participate in the discovery process. Defendant timely responded that it had not been served with plaintiff's discovery requests. On October 16, 2007, after a hearing on October 11, 2007, this court discharged the order to show cause and denied plaintiff's motion to compel responses to interrogatories on the ground that she

---

[1] In his declaration filed June 25, 2007, defense counsel J. Scott Smith stated in pertinent part (Response to Order to Show Cause, at p. 2):

> 2. For the last two months, I have been communicating with an attorney, Mr. Chalfant, an attorney Ms. Travenia hired to represent her with respect to the permitting process. Mr. Chalfant has not made an appearance in this action on her behalf, but since he has been acting on her behalf, I felt ethically obligated to communicate with him.

> 3. The principle purpose of our discussions has been to advise Plaintiff on how she can apply for appropriate permits in order to begin the process of construction on the structure. After some discussion back and forth, the City of Woodland's Chief Building Officer agreed to meet with the Plaintiff directly so as to go over her options with her. Following that meeting, Mr. Chalfant contacted my office and advised that the Plaintiff was very happy with this meeting and asked that I prepare a Stipulated Request for Dismissal and he would present it to his client. Since it appears that we are progressing forward towards resolution albeit slowly, I have not been actively prosecuting the case by commencing discovery and preparing a dispositive motion. If the case does proceed forward, it is our intent to pursue a motion for summary judgment on the grounds that the claims are not right.

had failed to serve her amended complaint (or complaint) on any defendant served with the interrogatories; the only defendant served with the amended complaint, the City of Woodland, was not served with the interrogatories.  The court informed the parties that, "Pursuant to plaintiff's representation at the hearing that the parties are discussing settlement and/or plaintiff's withdrawal of the instant action, both parties are encouraged to resolve these matters as soon as practicable and so inform the court."

On October 25, 2007, plaintiff obtained a summons issued to the other defendants in this action but did not thereafter demonstrate service of process or of the amended complaint upon them.

On November 5, 2007, defendant filed its motion for summary judgment, based on its contention that plaintiff has presented no evidence defendants acted with discriminatory intent or applied any policy or procedure to plaintiff less favorably than to others similarly situated.

Plaintiff responded with a declaration, filed November 14, 2007, that obliquely provides (Docket No. 42):

> I, the undersigned declare:
>
> 1. Defendant prepared a stipulated dismissal in this matter and forwarded to me for signature.
>
> 2. The initial paragraph states, " . . . Karen Travenia and official of Defendant, City of Woodland are working together to process permit applications necessary to complete the work which is the subject of this litigation;"
>
> 3. The subject of this litigation is discrimination and I believe that it has prevented me from obtaining a building permit from defendant City of Woodland. . . .

On November 29, 2007, this court issued an order to show cause directing plaintiff to explain why she had not filed an opposition to defendant's summary judgment motion.  Plaintiff responded December 3, 2007, stating she had not received the motion until December 1, apparently because she had been out of town.  Plaintiff also stated she had received

defendant's Stipulated Request for Dismissal on November 6, 2007; that she executed it and served it November 12, 2007, and that it was "filed" November 13, 2007 at 2:19 p.m. (The only document filed in this court near that date was the above "Declaration re. Stipulated Dismissal" filed Nov. 14.) Plaintiff stated that "after filing the Stipulation, it was my understanding that the matter was dismissed," but that her "failure to complete an opposition to defendant's Motion in no way serves as acquiescence to defendant's motion."

Defendant's counsel stated at the December 6 hearing that he had provided plaintiff with the Stipulated Request for Dismissal in October, which he had already signed, and had given plaintiff until November 5, 2007 (the deadline for filing a dispositive motion) to sign and return or file the completed stipulation. Since plaintiff had not communicated with defendant by the designated deadline, defendant filed its motion for summary judgment. Defense counsel stated at the hearing that the City has now approved the plaintiff's new site plan converting the property to an office, and has issued the requisite building permit. Plaintiff did not appear at the hearing.

LEGAL STANDARDS

Plaintiff's failure timely to respond to the merits of defendant's motion came initially within the preclusion of Local Rule 78-230(c) that "No party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." However, plaintiff's failure to appear at oral argument, the prophylactic reasoning behind defendant's motion, and the posture of the case at this juncture, require a more comprehensive judicial resolution.

A district court may dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Link v. Wabash R.R., 370 U.S. 626, 629-630, 82 S. Ct. 1386 (1962) (district court has inherent authority to dismiss an action sua sponte with prejudice in order "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (failure

to prosecute must be unreasonable to support dismissal); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986) ("dismissal for lack of prosecution must be supported by a showing of unreasonable delay"). Dismissal is also authorized by Fed. R. Civ. P. 16(f) (dismissal appropriate "[i]f a party . . . fails to obey a scheduling order or pretrial order"), and E. D. Cal. L. R. 11-110 ("Failure of . . . a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the court").

Plaintiff's pro se status does not derogate this authority. "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." E. D. Cal. L. R. 83-183. "Unless the court in its order for dismissal otherwise specifies," dismissal based on a failure to prosecute "operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b); Plaut v. Spendthrift Farm, Inc. 514 U.S. 211, 228, 115 S.Ct. 1447, 1457 (1995) (dismissal for failure to prosecute serves as a judgment on the merits).

A district court must "weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994); accord, Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000). Dismissal is proper when at least four factors support dismissal or where at least three factors "strongly" support dismissal. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

ANALYSIS

The first two Eisen factors favor dismissal. Although defendant has been inattentive through much of this case, plaintiff, who instituted this action, has effectively

1  abandoned it.  Plaintiff's failure adequately to defend her action was apparent at the outset, e.g.,
2  plaintiff served process upon none of the named defendants with the exception of the City of
3  Woodland, precluding adequate discovery; plaintiff deferred to defendant to prepare a joint status
4  report or communicate its delay to the court; plaintiff relied on defendant to prepare a Stipulated
5  Request for Dismissal, but did not ensure its filing with this court; plaintiff filed ambiguous
6  responses to the instant motion for summary judgment and the court's most recent order to show
7  cause, and did not appear at the last hearing.  This court has devoted significant resources to this
8  case, particularly at the outset, as is often required in pro se cases stating colorable claims marked
9  by inartful pleading and extensive exhibits.  However, this court should not now be tasked with
10 addressing the merits of this action, which plaintiff has effectively dropped, particularly at the
11 expense of delaying resolution of other, actively pursued, cases.  The court's need to manage its
12 docket, as well as the public's interest in expeditiously resolving litigation, require the court's
13 selective commitment of limited resources.
14         Dismissal is also warranted under the third Eisen factor, the risk of prejudice to
15 defendants.  "Unreasonable delay creates a presumption of injury to the defense."  Henderson,
16 779 F.2d at 1423.  The City did not aggressively defend this suit but instead, throughout most of
17 this litigation, attempted to both inform and assist plaintiff through the City's permit process
18 (and, apparently, the legal process).  Defendant filed the instant motion at the last possible
19 opportunity, having been precluded from filing a motion to dismiss, and still unsure of the status
20 of the parties' stipulated dismissal defendant had both prepared and submitted to plaintiff.
21 Defendant has responded to this action with one hand behind its back.  The City's propitiatory
22 response has both informed plaintiff and ultimately met her modified needs, and it should not be
23 required to further defend itself.
24         The fourth factor generally weighs against dismissal based on the strong public
25 policy favoring resolution of claims on their merits.  Dahl v. City of Huntington Beach, 84 F.3d
26 363, 366 (9th Cir. 1996).  In this case, however, plaintiff has failed to prosecute or defend her

own action, thus undermining this court's ability to fully address the allegations of her complaint. Cf., <u>Adriana Intern. Corp. v. Thoeren</u>, 913 F.2d 1406, 1412 (9th Cir. 1990) (repeated failures to appear and refusal to produce documents "constitutes an interference with the rightful decision of the case"). Thus, this factor also weighs in favor of dismissal.

        The fifth factor, availability of less drastic sanctions, also weighs in favor of dismissal. Plaintiff had ample opportunity to pursue and defend her case, including to appear at the most recent hearing to rebut defendant's motion. There is no feasible less drastic sanction: it would be inappropriate to impose monetary sanctions as a means for coercing plaintiff to prosecute this action; excluding claims or disallowing evidence would be similarly inappropriate. Nor is a greater sanction warranted – granting defendant's motion for summary judgment, assuming it is meritorious, could entitle defendant to unwarranted attorney fees.

        Neither notice of the possibility of dismissal nor convening an adversary hearing to consider the matter is required under these circumstances. "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." <u>Link</u>, 370 U.S. at 632. Plaintiff's failure to appear at the hearing on defendant's motion for summary judgment, particularly after this court's order to show cause, demonstrates plaintiff's awareness of the potential consequence of dismissal.

        Accordingly, the court will recommend this action be dismissed.

<u>CONCLUSION</u>

        For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

        1. Defendant's motion for summary judgment filed November 5, 2007 be denied;

        2. This case be dismissed pursuant to Fed. R. Civ. P. 41(b) due to plaintiff's failure to prosecute this action.

        These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days

after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/21/07              /s/ Gregory G. Hollows

                             _____
                             GREGORY G. HOLLOWS
                             U. S. MAGISTRATE JUDGE

GGH5:Trav2498.f&r.fin